# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § § | |
| **MEDCARE PEDIATRIC GROUP, LP,** | § § | **CASE NO. 20-31417 (JPN)** (Chapter 11) |
| Debtor. | § § | |
| Tax I.D. No.  20-4008189 | § | |
| **MEDCARE PEDIATRIC NURSING, LP,** | § § | **CASE NO. 20-31419 (CML)** (Chapter 11) |
| Debtor. | § § | |
| Tax I.D. No.  20-4007791 | § | |
| **MEDCARE PEDIATRIC REHAB CENTER, LP,** | § § | **CASE NO. 20-31421 (JPN)** (Chapter 11) |
| Debtor. | § § § | |
| Tax I.D. No.  20-4008668 | § | |
| **MEDCARE PEDIATRIC THERAPY, LP,** | § § | **CASE NO. 20-31423 (EVR)** (Chapter 11) |
| Debtor. | § § | |
| Tax I.D. No.  20-4008566 | § | |
| **KINKADE-WANG ENTERPRISES, LLC,** | § § | **CASE NO. 20-31424 (JPN)** (Chapter 11) |
| Debtor. | § § | |
| Tax I.D. No.  26-2643352 | § | |
| **KINKADE-WANG PROPERTIES, LLC,** | § § | **CASE NO. 20-31426 (JPN)** (Chapter 11) |
| Debtor. | § § | |
| Tax I.D. No.  26-2796081 | § | |

1

| | | |
|---|---|---|
| **KINWAN, LLC,** | § | **CASE NO. 20-31427 (CML)** |
| | § | **(Chapter 11)** |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  82-4055891 | § | |

| | | |
|---|---|---|
| **KW COMMERCIAL HOLDINGS, LLC,** | § | **CASE NO. 20-31428 (EVR)** |
| | § | **(Chapter 11)** |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  47-3760960 | § | |

### DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

COME NOW, MEDCARE PEDIATRIC NURSING, LP, MEDCARE PEDIATRIC THERAPY, LP, MEDCARE PEDIATRIC REHAB CENTER, LP, KINWAN, LLC, KINKADE-WANG PROPERTIES, LLC, KINKADE-WANG ENTERPRISES, LLC, AND KW

2

COMMERCIAL HOLDINGS, LLC (Collectively referred to as the "Debtors"), and make this Debtors' Emergency Motion for Joint Administration, and would show as follows:

**I.**

**Relief Requested**

1. The Debtors seek entry of an order directing procedural consolidation and joint administration of these chapter 11 cases. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of MedCare Pediatric Group, LP, and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MEDCARE PEDIATRIC GROUP, LP, et al,[1] | § | CASE NO. 20-31417 (JPN) |
| | § | (Chapter 11) |
| Debtor. | § | (Jointly Administered) |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than MedCare Pediatric Group, LP. to reflect the joint administration of these chapter 11 cases:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: MedCare Pediatric Group, LP (8189), Case No. 20-31417, MedCare Pediatric Nursing, LP (7791), Case No. 20-31419, MedCare Pediatric Rehab Center, LP (8668), Case No. 20-31421, MedCare Pediatric Therapy, LP (8566), Case No. 20-31423, Kinkade-Wang Enterprises, LLC (3352), Case No. 20-31424, Kinkade-Wang Properties, LLC (6081), Case No. 20-31426, Kinwan, LLC (5891), Case No. 20-31427, and KW Commercial Holdings, LLC (0960), Case No. 20-31428 (Collectively referred to as the "Debtors").

3

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: MedCare Pediatric Group, LP, Case No. 20-31417, MedCare Pediatric Nursing, LP, Case No. 20-31419, MedCare Pediatric Rehab Center, LP, Case No. 20-31421, MedCare Pediatric Therapy, LP, Case No. 20-31423, Kinkade-Wang Enterprises, LLC, Case No. 20-31424, Kinkade-Wang Properties, LLC, Case No. 20-31426, Kinwan, LLC, Case No. 20-31427, and KW Commercial Holdings, LLC, Case No. 20-31428.  The docket in MedCare Pediatric Group, LP, Case No. 20-31417 should be consulted for all matters affecting this case.

## II.

### Jurisdiction and Venue

4. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has the Constitutional authority to enter a final order in this matter, because it is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  If it is determined that this Court does not have such authority, the Applicant consents to entry of a final order.

## III.

### Basis for Relief

5. On March 1, 2020, the Debtors filed their voluntary petitions under Chapter 11, Title 11 of the United States Code. The Debtors remain in possession of their property and re operating as a Debtors-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No request had been made for appointment of a trustee or examiner and no official committee has been established in this case.

6. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners . . . (4) a debtor and an affiliate, the court may order a joint administration of the

4

estates." Fed. R. Bankr. P. 1015. The eight debtor entities that commenced chapter 11 cases are interrelated in operations. Four of the entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

7. The Debtors together provide a variety of pediatric services to families. MedCare Pediatric Nursing, LP provides in home nursing care to medically fragile children with complex medical needs who cannot care for themselves and require 24-hour care. MedCare Pediatric Therapy, LP provides in home therapy such as physical therapy, speech therapy, and occupational therapy, to children with complex special needs such as Down Syndrome. MedCare Pediatric Rehab Center, LP provides out-patient one-on-one behavioral health and out-patient physical therapy/occupational therapy/speech therapy services to autistic children and other children with developmental delays who are on the spectrum in various stages. MedCare Pediatric Group, LP is the parent entity that provides administrative and executive services such as IT, HR, and finance for each of the MedCare entities. Kinwan, LLC owns the real property and improvements at which the corporate offices are maintained and at which some services are provided. Kinkade-Wang Properties, LLC and Kinkade-Wang Enterprises, LLC own real property and improvements that serve as clinic locations for the out-patient services provided by the MedCare group of companies.[2] The MedCare companies have leases with these real estate entities to operate. The rental income of the leases pays the principal and interest payments to the secured lender, Veritex Bank, NA. The various loans are cross-collateralized.

---

[2] KW Commercial Holdings, LLC owns a Galveston home, which serves as additional collateral for the loans held by Veritex Bank, NA and allows the Debtors to have use of their funds.

8. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

9. Moreover, joint administration will not adversely affect the Debtors' respective constituencies, because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## IV.

### Emergency Consideration

10. The Debtors respectfully request emergency consideration of this Motion. The Debtors believe that joint administration of these chapter 11 cases is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations. The failure to receive the relief requested in this Motion on an emergency basis would place an undue burden on the administration of the other relief requested by the Debtors on an emergency basis contemporaneously herewith. In particular, the Debtors have a number of first day motions that they will need considered in the first few days of this case.  The Debtors need this emergency motion heard with those first day motions by March

5, 2020. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis. The counsel's signature below constitutes certification by counsel of the accuracy of these statements.

Respectfully submitted,

WAUSON | PROBUS

By:\_\_\_/s/ Matthew B. Probus\_\_\_
   **Matthew B. Probus**
   TBA# 16341200
   Fed. I.D. No. 10915

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*ATTORNEYS FOR DEBTORS,*
*MEDCARE PEDIATRIC GROUP, LP, ET AL*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on those parties listed on the attached service list via United States regular mail, postage prepaid, first class, and where indicated (as was available) via electronic delivery, on this 1st day of March, 2020.

By:\_\_\_/s/ Matthew B. Probus\_\_\_
   Matthew B. Probus

**Debtors**
MedCare Pediatric Group, LP, et al
Attn: Paige Kinkade, President
12371 S. Kirkwood Rd.
Stafford, Texas 77477

**Office of the United States Trustee**
U.S. Trustee
515 Rusk Avenue, Room 3516
Houston, TX 77002

**Secured Creditors**
Veritex Bank, N.A.
8214 Westchester Drive, Suite 800
Dallas, Texas 75225

**Twenty Largest Unsecured Creditors**
Capital One
P.O. Box 60599
City of Industry CA 91716-0599

Chase
P.O. Box 6294
Carol Stream, IL 60197-6294

CIT
21146 Network Place
Chicago, IL 60673-1211

Federal Health Sign
Dept # 41283
P.O. Box 650823
Dallas, TX 75265

Haynes & Boone
1221 McKinney St., Suite 2100
Houston, TX 77010-2007

Internal Revenue Service
Attn: Carrie Holdinsky
1919 Smith Street
Mail Stop 4500-HOU
Houston, TX 77002-8049

Iron Mountain
P.O. Box 915004
Dallas, TX 75391-5004

Oracle Netsuite
P.O. Box 7023
Troy, MI 48007-7023

Pitney Bowes
P.O. Box 371874
Pittsburgh PA 15250-7874

Sales Force
415 Mission Street, 3rd Floor
San Franisco, CA 94105

Sam's Club
P.O. Box 960016
Orlando, FL 32896-0016

Sharp Business Solutions
7303 W. Sam Houston Pkwy N
Houston TX 77040

Straus Systems
7 Straus Ct.
Stafford, TX 77477

TAHCH
3737 Executive Center Dr., Suite 268
Austin, TX 78731

TIAA Bank
P.O. Box 911608
Denver CO 80291

TW Telecom/Century Link
P.O. Box 910182
Denver, CO 80291-0182

Ultimate Software
P.O. Box 930953
Atlanta, GA 31193-0953

United Healthcare
2000 West Loop South, Suite 900
Houston, Texas 77027

Wells Fargo
P.O.Box 51174
Los Angeles, CA 90051-5474

Wells Fargo Vendor Fin. Serv.
P.O. Box 105710
Atlanta, GA 30348-5710

**Governmental Offices**
United States Attorney's Office
Wells Fargo Plaza
1000 Louisiana Street, #2300
Houston, TX 77002

Internal Revenue Service
Department of the Treasury
1919 Smith Street
Stop: 5022HOU
Houston, TX 77002

Texas Attorney General
300 W. 15th St.
Austin, TX 78701

Colorado Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203

Harris Co. MUD #53
P.O. Box 24338
Houston, TX 77229

Interstate MUD
P.O. Box 1368
Friendswood TX 77549-1368

Fort Bend WCID #2
1317 Eugene Heimann Circle
Richmond, TX 77469-3623

Galveston County Tax Assessor
722 Moody Ave.
Galveston TX 77550

Fort Bend County Tax Assessor
1317 Eugene Heimann Circle
Richmond, TX 77469-3623

Pasadena ISD
P.O. Box 1318
Pasadena, TX 77501-1318

Harris County MUD #53
1111 Katy Fwy, Ste 725
Houston, TX 77079-2197

Harris County Tax Assessor
P.O. Box 3547
Houston TX 77253-3547

Goose Creek CISD
P.O. Box 2805
Baytown TX 77522

Spring ISD
420 Lockhaven Drive
Houston TX 77073